This is an appeal from a final decree enjoining the City of Miami and Walter E. Headley, Chief of Police of Miami, appellants here, from enforcing the provisions of a Resolution of the City of Miami, which Resolution revoked a certificate of public convenience and necessity theretofore issued to the S S Motors, Inc., appellee here, authorizing appellee to operate two taxicabs in the City of Miami. No testimony was taken, the final decree having been made and entered on the pleadings.
In its application for a certificate of public convenience and necessity, appellee represented that it desired to operate a hack service in and from Coconut Grove, Miami, Florida; however, the certificate issued to appellee did not limit it to service in the Coconut Grove area. It appears that the appellee did, for a time, operate in such area, but subsequently ceased such service and operated thereafter exclusively in the Miami area. Whereupon, the City Commission, after due notice and a hearing, revoked the appellee's certificate, under the authority of the Code of the City of Miami providing that "* * * every certificate issued under the provisions hereof shall be subject to alteration, suspension or revocation by the city commission at any time for good cause shown and after due notice has been given to the holder of said certificate and said holder has been given an opportunity to be heard."
The appellee filed suit in the Circuit Court for a declaratory decree as to its rights under its certificate, and praying also that the City of Miami and Walter E. Headley, defendants in said suit and appellants here, be enjoined from enforcing the terms of the Resolution revoking said certificate. Final decree was entered in accordance with said prayer, and an injunction granted, which is the decree here attacked.
The trial court, in its final decree, found that the City's revocation of the certificate was based on an administrative finding that "the plaintiff had violated and departed from the conditions as to service which were contained in the plaintiff's application on which the certificate was issued," and stated further that
"In the opinion of this Court the action was not based on good cause in that the Court does not consider that representations or statement of intentions or conditions in an application will amount to conditions of the certificate which is issued upon such application unless the same are included in the certificate for that purpose.
"The Court recognizes the City has the power to alter or amend a certificate and this decree is without prejudice to such action as the City may take in an appropriate *Page 174 
manner for the purpose of altering or amending the certificate to include thereon such conditions as it may feel the nature of the application warrants or requires."
It appears that the rights of the City of Miami are amply protected under the final decree entered herein.
There being no error, the decree is affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.